IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JOEL HERSKOVITZ,
on behalf of plaintiff and the class defined herein,

                Plaintiff,

   v.

NATIONWIDE CREDIT, INC;

                Defendant.
-----------------------------------------------------------X

**COMPLAINT- CLASS ACTION**

10 CIV 8263

## INTRODUCTION

1. Plaintiff brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Nationwide Credit, Inc. ("NCI"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

4. Venue and personal jurisdiction in this District are proper because:

    a. Defendant's collection communication was received by plaintiff within this District;

    b. Defendant does business within this District.

5. Plaintiff, Joel Herskovitz, is an individual who resides in Orange County, New York.

6. Defendant, NCI, is a foreign business corporation chartered under Georgia law with offices at 2016 Vaugh Road, Building 400, Kennesaw, Georgia 30144.

7. NCI is engaged in business as a collection agency, collecting debts allegedly owed to others.

8. NCI is a debt collector as defined in the FDCPA

## FACTS

9. On or about October 7th, 2010 plaintiff received the communication attached as Exhibit A, bearing NCI's name.

10. In sending Exhibit A defendant sought to collect a debt incurred for personal, family or household purposes, namely personal American Express charges.

11. Exhibit A was sent out with the knowledge and consent of NCI.

12. Exhibit A does not provide the required 1692(e)11 disclosure which requires a debt collector to state "that the communication is from a debt collector."

## COUNT I- FDCPA

13. Plaintiff repeats and realleges the allegations contained in paragraphs 1-12 as though fully set forth herein.

14. Exhibit A violates 15 U.S.C. §1692e.

15. Section 1692e entitled False or Misleading Representations provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(11)     The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

## CLASS ALLEGATIONS

16.    Plaintiff brings this action on behalf of a class, pursuant to Fed. R.Civ.P. 23(a) and (b)(3).

17.    The class consists of (a) all natural persons with New York addresses (b) who were sent a document in the form represented by Exhibit A (c) which did not state that the communication is from a debt collector (d) on or after a date one year prior to the filing of this action, and (e) on or before a date 20 days after the filing of this action.

18.    The class members are so numerous that joinder is impracticable.

19.    On information and belief, there are more than 50 natural persons with New York addresses who were sent a document in the form represented by Exhibit A, which did not state that the communication is from a debt collector, on or after a date one year prior to the filing of this action, and on or before a date 20 days after the filing of this action.

20.    There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether Exhibit A violates the FDCPA.

21.    Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

22.    Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection